1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Janine Klein,                                    )
                                                 )        CV 13-1584-TUC-DCB
                    Plaintiff,                   )
                                                 )
v.                                               )
                                                 )
Carolyn W. Colvin, Acting Commissioner of)
Social Security,                                 )        **ORDER**
                                                 )
                    Defendant.                   )
                                                 )
_____)

     This matter was referred to Magistrate Judge Leslie A. Bowman on November 20, 2013, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a).  On October 8, 2014, Magistrate Judge Bowman issued a Report and Recommendation (R&R).  She recommends that the Court affirm the Social Security Commissioner's decision denying Plaintiff's claim for disability benefits.  The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court, affirms the decision, and enters Judgment for the Defendant.

## STANDARD OF REVIEW

     The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).  To the extent that no objection has been made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections.  *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). In deciding the case, the Court has considered the objection filed by the Plaintiff, and the parties' briefs and the administrative record considered by the Magistrate Judge.

## OBJECTIONS

Plaintiff objects to the R&R.  She asserts that the Magistrate Judge's recommendation is based on a Residual Functional Capacity (RFC) assessment that was not made by the Administrative Law Judge (ALJ).[1] The Magistrate Judge failed to consider Plaintiff's need to use a sign-language interpreter.  The Magistrate Judge improperly treated the ALJ's

---

[1]This case was accepted for review by the Appeals Counsel because the ALJ incorrectly stated the last insured date.  The Appeals Counsel adopted the decision of the ALJ and extended it to the entire period from Klein's alleged onset date to the date of the ALJ's decision.  The Commissioner affirmed.  Therefore, the Magistrate Judge referred to the final decision of the Commissioner as the ALJ's decision and the Plaintiff refers to it as the Appeals Council decision.  This Court will follow the Magistrate Judge's lead and refer to the final agency decision as the ALJ's decision.

prerogative to analyze the record and assess Klein's RFC as insulating it from substantial-evidence review.  The Magistrate Judge incorrectly held that Klien's restriction to "simple instructions" did not conflict with the vocational expert's identification of Reasoning Level 2 <u>Dictionary of Occupational Titles</u>.

The Plaintiff's objections are aimed at two conclusions made by the ALJ, which the Magistrate Judge recommends this Court affirm, which are as follows: 1) "The Claimant has a severe hearing loss and must have a job that requires only occasional hearing and speaking;" and 2) "She is limited to jobs requiring understanding, remembering and carrying out simple job instructions only."  (R&R (Doc. 23) at 8 (quoting Tr. 41)).

As to the first conclusion, Plaintiff asserts this misstates the evidence which consisted of her testimony that she needed "to communicate face-to-face (to lip read) or use a sign-language interpreter,"  (Objection (Doc. 24) at 6 (citing P's Opening Brief at 17-21)), and non-examining source opinions that she "could speak without limitation and had a limited ability to hear"; was "limited in communication in the workplace in any background noise," needed to wear hearing aids and avoid concentrated exposure to noise.  (Objection (Doc. 24) at 8-9); (TR 101, 115).  Plaintiff challenges the Magistrate Judge's finding that "the ALJ could reasonably conclude that Klein's hearing impairment would limit her ability to hear and require her on occasion to position herself face-to-face with the speaker and on occasion to ask the speaker to speak slowly so she could understand.  Because her impairment makes communication more difficult, the ALJ could reasonably conclude that Klein was limited to jobs that would require only occasional hearing and speaking."  *Id.* at 3.  Plaintiff argues the ALJ's decision does not include the logic well articulated by the Magistrate Judge and "[t]here is nothing intrinsic to hearing and speaking occasionally that such take place face-to-face with slow speaking."  *Id.* at 5.  Plaintiff believes the ALJ did not consider either limitation and did not consider her need for a sign-language interpreter.

The Court notes that, likewise, there is nothing intrinsic about needing face to face communications to allow Plaintiff to lip read which precludes her from communicating

"only occasionally." The ALJ's decision reflected the Plaintiff was being assisted at the hearing by a sign-language interpreter, but Plaintiff's testimony reflected she did not regularly use an interpreter.  Her testimony was that she generally got on by reading lips and hearing aids helped as long as there was not excessive background noise.  *See* (TR 78); *see also* 101, 115 (non-examining state agency medical opinions); R&R at 5 (daily living activities).  Plaintiff's work history reflects she held jobs, including her current part-time position as a water aerobics instructor, where she communicated occasionally, without a sign-language interpreter.  Based on Plaintiff's testimony, such occasional communications occurred face-to-face without the use of hearing aids.  Plaintiff testified her hearing aids were not working and that she could not use them in the water, anyway because the water would damage them.  (TR at 77.)

The Magistrate Judge did not err in recommending this Court find substantial evidence supporting the ALJ's decision that Plaintiff had severe hearing loss and must have a job that requires only occasional hearing and speaking.

The Court finds the same regarding the Magistrate Judge's recommendation to find no error between the vocational expert's opinion Plaintiff can perform RDL 2 jobs and the ALJ's finding that Plaintiff was a person "who can 'understand and remember [and] carry out simple job instructions only.'"  (R&R (Doc. 23) at 8 (quoting Tr. 41(R&R at 12 (quoting TR 87, 41)).  The vocational expert's opinion was that Plaintiff could perform jobs listed in the DOT (Dictionary of Occupational Titles) as  having a Reasoning Development Level (RDL) of 2).  (R&R at 12)  "She argues that an RDL of 2 is incompatible with her limitation to 'understand and remember [and] carry out simple job instructions only.'"  *Id.*

"An RDL of 2 requires a worker to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'"  (R&R at 12-13) (citation omitted).  "The RDL 1 description contains the word "simple" but further restricts the term in the phrase "simple one- or two-step instructions."  *Id.* at 13.  The ALJ's use of the phrase "simple job instructions" does not exclude Plaintiff from jobs meeting the RDL 2 description

just because it does not contain the word "simple" but uses instead the phrase "detailed but uninvolved written or oral instructions."   There is no evidence that Plaintiff is limited to simple one- or two-step instructions.  (R&R at 13).  Like the Magistrate Judge, this Court "concludes the vocational expert did not err by opining that Klein could perform the job of office helper or assembler even though she could 'understand and remember [and] carry out simple job instructions only.'"  *Id.*

## CONCLUSION

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R. The Court adopts it, and for the reasons stated in the R&R, the Court affirms the decision of the ALJ denying Plaintiff disability benefits and dismisses the Plaintiff's case.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 23) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the ALJ's decision is affirmed and the case is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 11th day of February, 2015.

David C. Bury
United States District Judge